UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RHINO BUSINESS SYSTEMS, INC., a California Corporation,<br><br>Defendant. | No. 2:16-cv-00029-KJM-CMK<br><br><br><br>ORDER |

Plaintiff GE Electric Capital Corporation (GE Capital) has filed an unopposed Motion for an Order Expediting Discovery to (1) allow GE Capital to depose the principal of defendant Rhino Business Systems, Inc. (Rhino), Scott McFadden, and (2) allow additional discovery for the purpose of documenting the flow of funds from any disposition of Rhino's customers' accounts and assets. Mot., ECF No. 8. Rhino's customers are those persons or entities who purchased or leased office equipment from Rhino and for whom GE Capital provided financing.

On January 1, 2016, GE Capital filed the complaint against Rhino, alleging breach of contract. *See generally* ECF No. 1. GE Capital seeks no less than $477,527.23 for Rhino's breach of their Strategic Alliance Agreement (Agreement). ECF No. 1, Ex. A. Rhino was

1

subsequently served with the complaint and a summons to appear on January 20, 2016, but has yet to respond to the complaint, or to appear. ECF No. 6. GE Capital argues in its separate Motion for Right to Attach Order and Writ of Attachment that Rhino has either sold or intends to sell substantially all its assets to a company called Ray Morgan RMC, Inc. (Morgan). ECF No. 7 at 3. GE Capital further argues Morgan has informed certain persons or entities who had previously entered into financial arrangements with GE Capital that they no longer need to satisfy their obligations to GE Capital. *Id.* At the hearing for the Motion for Right to Attach Order and Writ of Attachment held on March 25, 2016, GE Capital argued that time is of the essence because Rhino is out of business, and its assets may have already been sold to Morgan or otherwise dissipated. GE Capital noted the opaque nature of Rhino and its actions at this time, and the possible existence of other parties it will seek to join to this action.

GE Capital seeks expedited discovery in an effort to promptly resolve all claims against Rhino and identify other potential parties so that only a single proceeding is necessary.

Generally, Rule 26(d) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts apply a "good cause" standard in considering motions to expedite discovery, and parties seeking expedited discovery in advance of a Rule 26(f) conference have the burden of showing good cause. *New Sensations, Inc. v. Does 1-306*, No. 12-1885 GEB EFB, 2012 WL 5031651, at *2 (E.D. Cal. Oct. 17, 2012); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery

/////

1  process the request was made." *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067
2  (C.D. Cal. 2009).

3      In this case though there is no preliminary injunction pending, there is a pending
4  early Motion for Right to Attach Order and Writ of Attachment by which GE Capital seeks to
5  attach a potentially diminishing pool of assets.  GE Capital seeks fairly narrow discovery from
6  Rhino, requesting only the deposition of Mr. McFadden and limited discovery to document the
7  stream of revenue from the equipment GE Capital helped finance.  The possible sale of all or
8  substantially all Rhino assets to Morgan and the barrage of customer complaints GE Capital avers
9  it has received provides a reasonable basis for the request.  Because Rhino has not yet appeared or
10 responded, it cannot claim to be unduly burdened.  Lastly, GE Capital cannot reasonably proceed
11 with this lawsuit without ascertaining the proper parties and claims.  The court finds GE Capital's
12 motion is supported by good cause.

13     Accordingly, IT IS HEREBY ORDERED that:
14     (1) GE Capital's Motion to Expedite Discovery is granted and
15     (2) A subpoena commanding Scott McFadden to appear for deposition may issue.
16     IT IS SO ORDERED.
17 DATED: April 13, 2016.

                                UNITED STATES DISTRICT JUDGE