## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RHINO BUSINESS SYSTEMS, INC.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. 2:16-CV-0029-KJM-CMK<br><br>FINDINGS AND RECOMMENDATIONS |

Invoking the court's diversity jurisdiction, plaintiff brings this civil action for breach of contract. Defendant was properly served (see Doc.6) but failed to respond to the complaint. Defendant's default was entered on March 30, 2016 (see Doc. 16). On May 11, 2016, the District Judge issued an order granting plaintiff's unopposed motion for a pre-judgment writ of attachment (see Doc. 22). Pending before the court is plaintiff's unopposed motion (Doc. 29) for default judgment in the amount of $404,164.18, plus attorney's fees and costs pursuant to the contract.

/ / /

/ / /

/ / /

1

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on the original complaint (Doc. 1), filed on January 1, 2016. Plaintiff alleges the following facts (see Doc. 1, ¶¶ 9-25):

1. Defendant is an office equipment broker/dealer and leases, sells, and services office equipment and products.

2. On October 20, 2011, plaintiff and defendant entered into a "Strategic Alliance Agreement" (see Doc. 1, Ex. A).

3. Plaintiff agreed to provide financing for customers that intended to purchase or lease office equipment ("Transactions").

4. Defendant entered into various Transactions financed by plaintiff (collectively, the "Indemnified Accounts"; see Doc. 1, Ex. B).

5. Defendant breached the contract with respect to the Indemnified Accounts by: (a) upgrading and refinancing, through a source other than plaintiff, the Transactions without plaintiff's knowledge or consent; and (b) failing to comply with the "Buyout to Keep" and similar provisions as to each of the Transactions.

6. Defendant also breached the contract by: (a) advising the customers associated with the Indemnified Accounts that defendant would fulfill the customers' obligations to plaintiff; and/or (b) advising the customers that their obligations to plaintiff were forgiven.

7. Plaintiff sent defendant two Notices of Demand, the first on July 15, 2015, in the amount of $113,751.37 (see Doc. 1, Ex. C), and the second on October 6, 2015, in the amount of $363,775.86 (see Doc. 1, Ex. D).

8. Defendant has not satisfied either demand.

Plaintiff claims damages for breach of contract, interference with contract, and conversion.[1]

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] In the complaint, plaintiff also seeks injunctive relief, but does not seek such relief in the current motion for default judgment.

## II. STANDARD FOR DEFAULT JUDGMENT

Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d 1386 (9th Cir. 1978). However, the court has the responsibility of determining whether the facts alleged in the complaint state a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). For this reason, the district court does not abuse its discretion in denying default judgment where the factual allegations as to liability lack merit. See Aldabe, 616 F.2d at 1092-93.

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. The court must ensure that the

amount of damages awarded is reasonable and demonstrated by the evidence.  See id.  In discharging its responsibilities, the court may conduct such hearings and make such orders as it deems necessary.  See Fed. R. Civ. P. 55(b)(2).  In assessing damages, the court must review the facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled.  See Pope v. United States, 323 U.S. 1 (1944).

Where actual damages are not proved, it may be appropriate in some cases to award nominal damages to vindicate the deprivation of certain "absolute" rights.  See Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005).  Nominal damages may be appropriate under California law for the torts of trespass, see Consterisan v. Tejon Ranch Co., 255 Cal.App.2d 57, 60 (5th Dist. 1967), assault, see Liljefelt v. Blum, 33 Cal.App.721 (1st Dist. 1917) (per curiam), loss of publicity, see Ericson v. Playgirl, Inc., 73 Cal.App.3d 850, 859 (2nd Dist. 1977), as well as breach of contract, see id..   As the term implies, nominal damages is defined as a mere token or trifle.  See Cummings, 402 F.3d at 943.

### III.  DISCUSSION

In this case, the Eitel factors favor granting plaintiff's motion.  As to the second and third factors, the District Judge found in the May 11, 2016, order that plaintiff "has established a prima facie case for breach of contract, and has demonstrated it will more likely than not prevail on its breach of contract claim."  Therefore, plaintiff's breach of contract claim is sufficient to support the judgment and has substantive merit.  Given defendant's breach, specifically its non-compliance with the "Buyout to Keep" provision, plaintiff is prejudiced by continued non-payment of over $400,000 on the Indemnified Accounts.  As to the possibility of a dispute concerning material facts and the preference for a resolution of the merits, defendant's refusal to participate in the litigation renders it impossible to litigate the merits of any potential disputes.  Finally, there is no evidence that defendant's non-appearance in the action is due to

excusable neglect. Plaintiff is entitled to a default judgment in the amount of $404,164.18.[2]

Plaintiff is also entitled to attorney's fees and costs. Under Paragraph 6 of the contract, plaintiff is entitled to "reasonable attorney's fees and costs." Plaintiff's counsel has submitted declarations establishing reasonable attorney's fees and costs through August 31, 2016, in the amount of $25,684.84. Counsel has also submitted a declaration establishing reasonable additional attorney's fees through September 30, 2016, in the amount of $1,825.20. Plaintiff is also entitled to recover these amounts.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for default judgment (Doc. 29) be granted; and

2. Default judgment be entered in favor of plaintiff in the amount of $431,674.22.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[2] This amount reflects a reduction from the total amount sought in plaintiff's Notices of Demand by $73,363.05 reflecting that the account with Big Valley Joint Unified School District is being paid and is current.